IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 2:16-cr-00005-RWS-JCF |
| | § | |
| DOUGLAS L. PURDY, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO DISMISS THE INDICTMENT BASED UPON SELECTIVE PROSECUTION AND ENFORCEMENT

COMES NOW, DOUGLAS L. PURDY, Defendant herein, by and through the undersigned counsel, and files this, his Motion to Dismiss the Indictment Based Upon Selective Prosecution and Enforcement, and respectfully moves this honorable Court to dismiss the Criminal Indictment, Doc. # 1 (hereinafter "Indictment") against him on the ground that the prosecution of Defendant constitutes selective prosecution and selective enforcement of the Sherman Antitrust Act, 15 U.S.C. §§ 1–7, and the bank fraud statute, 18 U.S.C. § 1344, in violation of his due process and equal protection rights under the Constitution of the United States. At minimum, Defendant prays that he be granted a measure of discovery on his selective

1

prosecution and enforcement claims. Defendant further requests that he be granted an evidentiary hearing on his claims.

## I. <u>INTRODUCTION AND BACKGROUND</u>

As a result of an ongoing criminal investigation of bid rigging and bank fraud related to public real estate foreclosure auctions in Georgia by the United States Department of Justice's Antitrust Division's (hereinafter "Antitrust Division" or "Division") Washington Criminal II Section, the Federal Bureau of Investigation Atlanta Division and the United States Attorney's Office of the Northern District of Georgia, on February 3, 2016, the Government obtained an Indictment against Mr. Purdy, charging him with one count of alleged bid rigging, in violation of 15 U.S.C. § 1, and five counts of alleged bank fraud, in violation of 18 U.S.C. § 1344. *See* Doc. # 1; Department of Justice, Office of Public Affairs, "Two Georgia Real Estate Investors Indicted for Bid Rigging and Bank Fraud at Public Home Foreclosure Auctions" (February 3, 2016). The Government alleges in its Indictment that, beginning in at least July of 2008 and continuing to at least December of 2011, Mr. Purdy and others known and unknown to the Grand Jury, knowingly entered into and engaged in a conspiracy to suppress and restrain competition by rigging bids for selected properties offered at public auctions in Forsyth County, Georgia. *See* Doc. # 1, p. 3. Specifically, the Government alleges that Mr. Purdy and his alleged co-

conspirators allegedly (1) would agree not to compete, or to stop competing, against each other, on the purchase of selected properties at public foreclosure auctions; (2) would designate which conspirator would bid for selected properties at the auctions; (3) would refrain from and stop bidding for selected properties at auctions; and (4) would purchase selected properties at auctions at prices they allegedly artificially suppressed. *See id*., p. 4.

Mr. Purdy denies any alleged involvement in alleged "bid rigging" or bank fraud. Mr. Purdy and his counsel believe that it can be established that the Government has not prosecuted other, similarly situated persons engaged in "bid rigging" and bank fraud in the Northern District of Georgia, who engaged in bid rigging relating to a larger volume of properties than Mr. Purdy is alleged to have. Instances of similarly situated persons who have not been prosecuted by the Government include, but are not limited to, "B.L.," a large volume purchaser of properties at public foreclosure auctions in Forsyth County,  and "V.W.," a large volume purchaser of properties at public foreclosure auctions in the metro Atlanta area. Upon information and belief, the Government possesses ample evidence to pursue criminal prosecution of B.L., V.W., and others for the same or similar conduct which it has alleged against Mr. Purdy. Upon information and belief, the Antitrust Division has afforded persons including B.L. and V.W. "leniency," despite

the fact that these persons do not qualify for leniency under the Division's policies and guidelines. In contrast to its treatment of such persons, the Government has arbitrarily selected Mr. Purdy for prosecution, in violation of his constitutional rights to due process and equal protection. For these reasons, the Government's Indictment against Mr. Purdy should be dismissed.

Should the Indictment against Mr. Purdy not be dismissed on the basis of this Motion alone, Mr. Purdy requests that he be granted discovery on his selective prosecution and enforcement claims. Mr. Purdy further requests that the Court grant an evidentiary hearing on his claims.

## II. ARGUMENT AND CITATION OF AUTHORITIES

Government prosecutors possess discretion in regard to charging decisions, which courts may only interfere with in their judicial function of applying the Constitution. *See United States v. Brantley*, 803 F.3d 1265, 1271 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 1833 (2016) (quoting *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000)). Under the Due Process Clause of the Fifth Amendment, a decision to prosecute "'may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (quoting *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011)). There is a presumption that the

prosecution has not violated equal protection principles. *Id.* (citing *Jordan*, at 1189; *Smith*, at 807).

In order to overcome the presumption that a prosecution does not violate equal protection, a defendant must satisfy a "demanding" burden and present clear evidence of selective prosecution. *See Brantley*, 803 F.3d at 1271 (citing *Jordan*, 635 F.3d at 1188; *Smith*, 231 F.3d at 807).

> A defendant asserting that she was selectively prosecuted must show "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." [Cits.]. In other words, a criminal defendant who claims she was subjected to selective prosecution must establish two elements: (1) the discriminatory effect prong of this test requires a showing that "similarly situated individuals were not prosecuted" [cit.], and (2) "[t]he discriminatory purpose prong requires that the decisionmaker selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group"

*Id.* (internal citations omitted) (quoting *Jordan*, at 1188; *Smith*, at 808; *Wayte v. United States*, 470 U.S. 598, 610, 105 S.Ct. 1524 (1985)). A "similarly situated" person, for purposes of the selective prosecution analysis,

> "[Is] one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was as strong or stronger than that against the defendant."

*Id.*, at 1271-1272 (quoting *Smith*, at 807, 810).

As set forth above, the Antitrust Division has not prosecuted other persons whom evidence exists which will demonstrate were engaged in alleged bid rigging and bank fraud relating to properties sold at public foreclosure auctions, including persons such as B.L. and V.W., and who are similarly situated to Mr. Purdy and are culpable to an even greater degree, given their involvement with a greater volume of properties. As stated in the Division's Antitrust Division Manual, its current "policy is *to proceed by criminal investigation and prosecution* in cases involving horizontal, *per se* unlawful agreements such as price fixing, *bid rigging*, and customer and territorial allocations." Antitrust Division Manual, p. III-12 (5th ed. April 2015) (emphasis added) (hereinafter "Manual").[1] [2]

Again, Mr. Purdy vehemently denies engaging in alleged bid rigging and bank fraud, contrary to the Government's charges against him. Pursuant to *Brantley*, no reason whatsoever exists for exemption of such persons from the Antitrust Division's enforcement and prosecution policy relating to bid rigging. On the

---

[1] This policy is consistent with the United States Attorney General's policy to "vigorously prosecute" such antitrust violations. *See* Antitrust Resource Manual, § 1, Attorney General's Policy Statement.

[2] Mr. Purdy shows that he does not cite to the Manual to create any substantive or procedural "rights," but as support for his claim of selective prosecution/enforcement in violation of his constitutional rights. *See* Manual, p. ii.

contrary, the deterrent value of any prosecution of these persons would be precisely the same as any prosecution of Mr. Purdy. Accordingly, pursuant to the test for selective prosecution, the Government's pursuit of criminal prosecution of Mr. Purdy in lieu of others possesses a discriminatory effect.

The Government's prosecution of Mr. Purdy is furthermore based, at least in part, on an arbitrary classification. Contrary to its stated policy, the Antitrust Division has failed to prosecute persons for which it possesses evidence that such persons engaged in alleged bid rigging and bank fraud in relation to properties sold at public foreclosure auctions in the Northern District of Georgia on a much larger scale than Mr. Purdy, while vigorously prosecuting minor alleged actors such as Mr. Purdy. The Division's discriminatory purpose in its prosecutorial decision-making is arbitrary and unconstitutional. As the United States Supreme Court recognized over a century ago:

> Though the law itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution.

*Yick Wo v. Hopkins*, 118 U.S. 356, 373–74, 6 S. Ct. 1064 (1886).

In contrast to Mr. Purdy, similarly situated major bid riggers in the Northern District of Georgia such as B.L. and V.W. , and others, have, upon information and

belief, been granted "leniency" by the Antitrust Division, despite the fact that these

persons do not meet the requirements for leniency under the Division's own policies

and guidelines. The Division's requirements for individual leniency are that:

- At the time the individual comes forward to report the illegal activity, the Division has not received information about the illegal activity being reported from any other source. (Thus, it is not possible to grant conditional leniency to an individual under the Leniency Policy for Individuals after a corporation has applied for leniency, although a cooperating individual could still be considered for immunity outside of the Leniency Policy for Individuals. However, it may be possible to grant a corporation "Type B" conditional leniency after an individual has been granted conditional leniency if the Division does not yet have evidence against the company that is likely to result in a sustainable conviction against it and the company meets the other requirements of Type B leniency.)
- The individual reports the wrongdoing with candor and completeness and provides full, continuing and complete cooperation to the Division throughout the investigation.
- The individual did not coerce another party to participate in the illegal activity and clearly was not the leader in, or the originator of, the activity.

Manual, p. III-99.[3] Upon information and belief, the relevant, alleged major bid

riggers such as B.L. and V.W. do not meet these criteria of the Division.[4]

---

[3] The Division's Manual sets forth a number of alternatives to criminal prosecution, including statutory immunity, informal immunity, individual leniency, and amnesty. *See* Manual, pp. III-92 – III-95, III-98 - III-103, III-123 – III-124.

[4] The Division's Manual states that:

In order to obtain discovery in support of a claim of selective prosecution, a defendant must provide "'some evidence tending to show the existence of the essential elements of the defense.'" *Jordan*, 635 F.3d at 1188 (quoting *United States v. Armstrong*, 517 U.S. 456, 468, 116 S.Ct. 1480 (1996)). In order to obtain an evidentiary hearing, the defendant "'must present facts sufficient to create a reasonable doubt about the constitutionality of a prosecution.'" *Brantley*, 803 F.3d at 1271 (quoting *Jordan*, at 1188; quoting *United States v. Silien*, 825 F.2d 320, 322 (11th Cir. 1987)).

Mr. Purdy submits that he has alleged sufficient evidence on the elements of selective prosecution and enforcement by the Division against alleged persons engaged in alleged bid rigging on properties at public foreclosure auctions in the

---

There are a number of situations where, although the conduct may appear to be a *per se* violation of law, criminal investigation or prosecution may not be appropriate. These situations may include cases in which (1) the case law is unsettled or uncertain; (2) there are truly novel issues of law or fact presented; (3) confusion reasonably may have been caused by past prosecutorial decisions; or (4) there is clear evidence that the subjects of the investigation were not aware of, or did not appreciate, the consequences of their action.

*Id.*, p. III-12. Mr. Purdy was not given the benefit of exemption from prosecution under these policies of the Division. Likewise, the large-scale bid riggers which the Division has failed to prosecute are not entitled to be spared prosecution by virtue of these policies.

Northern District of Georgia for the Court to order discovery on the issue of selective prosecution and enforcement. Mr. Purdy requests that the Government be directed to produce or permit inspection and copying of the following:

1.     Any memoranda by the Antitrust Division, and any of its attorneys or staff, relating to alleged bid rigging and bank fraud in connection with public real estate foreclosure auctions in the Northern District of Georgia, in existence at any time within the four (4) years preceding the filing of this Motion. Mr. Purdy shows that, in either recommending or declining prosecution, the Division's policy is for staff to prepare memoranda. *See* Manual, pp. III-114. The Division's "indictment recommendation memoranda" typically set forth proposed defendants, alternative charging options, dispositions reached with other individuals in the investigation, the status of any plea negotiations, *see id*., pp. III-119 –III-121, and a section concerning "persons and companies that were potential targets of the investigation but are not being recommended for indictment," *id*., p. III-122.

2.     Any documents reflecting any statutory immunity, informal immunity, individual leniency, amnesty, or plea agreements relating to persons engaged in alleged bid rigging or bank fraud in connection with public real estate

foreclosure auctions in the Northern District of Georgia, made or created at any time within the four (4) years preceding the filing of this Motion.

3.      Any presentence investigation reports relating to persons engaged in alleged bid rigging or bank fraud in connection with public real estate foreclosure auctions in the Northern District of Georgia, prepared at any time within the four (4) years preceding the filing of this Motion.

4. Any communications and correspondence between the Antitrust Division, and any of its attorneys or staff, and any persons engaged in alleged bid rigging or bank fraud in connection with public real estate foreclosure auctions in the Northern District of Georgia or any counsel for any such persons, made at any time within the four (4) years preceding the filing of this Motion. Mr. Purdy further believes that such communications may also be subject to disclosure pursuant to the Jencks Act, 18 U.S.C. § 3500, for use in cross-examination and impeachment of the Government's witnesses at trial.

Mr. Purdy further requests that, after he has been afforded an opportunity for any discovery, the Court set an evidentiary hearing on his selective prosecution and enforcement claims.

### III. <u>CONCLUSION</u>

WHEREFORE, Defendant Douglas L. Purdy respectfully prays that this honorable Court grant his Motion to Dismiss the Indictment Based Upon Selective Prosecution and Enforcement, and dismiss the Criminal Indictment against him. In the event dismissal is not granted on the basis of this Motion alone, Defendant prays that the Court directed to produce or permit inspection and copying of the following:

1.     Any memoranda by the Antitrust Division, and any of its attorneys or staff, relating to alleged bid rigging and bank fraud in connection with public real estate foreclosure auctions in the Northern District of Georgia, in existence at any time within the four (4) years preceding the filing of this Motion.

2.     Any documents reflecting any statutory immunity, informal immunity, individual leniency, amnesty, or plea agreements relating to persons engaged in alleged bid rigging or bank fraud in connection with public real estate foreclosure auctions in the Northern District of Georgia, made or created at any time within the four (4) years preceding the filing of this Motion.

3.     Any presentence investigation reports relating to persons engaged in alleged bid rigging or bank fraud in connection with public real estate

12

foreclosure auctions in the Northern District of Georgia, prepared at any time within the four (4) years preceding the filing of this Motion.

4.      Any communications and correspondence between the Antitrust Division, and any of its attorneys or staff, and any persons engaged in alleged bid rigging or bank fraud in connection with public real estate foreclosure auctions in the Northern District of Georgia or any counsel for any such persons, made at any time within the four (4) years preceding the filing of this Motion.

Mr. Purdy further prays that, after he has been afforded an opportunity for any discovery, the Court set an evidentiary hearing on his selective prosecution and enforcement claims.

Respectfully submitted, this 28th day of July, 2016.

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen_____
Craig A. Gillen
Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:       cgillen@gwllawfirm.com

Counsel for Mr. Douglas L. Purdy

13

## **CERTIFICATION**

The undersigned hereby certifies that he has conferred with opposing counsel for the United States of America in a good faith effort to resolve the subject-matter of this Motion by agreement, and was able to reach agreement on the resolution of the issue herein, pursuant to N.D.Ga.L.Crim.R. 12.1D. The undersigned also hereby certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen_____
Craig A. Gillen
Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:        cgillen@gwllawfirm.com

Counsel for Mr. Douglas L. Purdy

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 28th day of July, 2016, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**Matthew Stegman**
**Collin F. Delaney**
**Susan A. Musser**
**United States Department of Justice**
450 Fifth St., NW
Washington, DC 20530
Email: collin.delaney@usdoj.gov
Email: Susan.Musser@usdoj.gov
Email: matthew.stegman@usdoj.gov

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen_____
Craig A. Gillen
Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:      cgillen@gwllawfirm.com

Counsel for Mr. Douglas L. Purdy

15