IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:16-CR-00005-RWS-JCF |
| DOUGLAS L. PURDY, | : | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion To Dismiss The Indictment Based Upon Selective Prosecution And Enforcement (Doc. 24) and Defendant's Motion To Strike Or To Disregard Government's Supplemental Brief (Doc. 30). For the reasons discussed below, Defendant's motion to strike is **DENIED**, and it is **RECOMMENDED** that his motion to dismiss be **DENIED**.

### Procedural History

An Indictment filed February 3, 2016 (Doc. 1) charges Defendant with conspiracy to rig bids in relation to purchasing real estate at public foreclosure auctions, in violation of 15 U.S.C. § 1 (Count One) and bank fraud in violation of 18 U.S.C. § 1344 (Counts Two through Six). Defendant moved to dismiss the Indictment for selective prosecution and enforcement (Doc. 24), the Government filed a response (Doc. 25) and amended response (Doc. 27), and Defendant submitted a reply (Doc. 28). The Government provided a supplemental brief to point out that Magistrate Judge Justin S. Anand recently issued a Report and

1

Recommendation in *United States v. Hill*, Criminal Case No. 1:16-CR-051-TWT-JSA, in which Judge Anand recommended that a similar motion to dismiss for selective prosecution and enforcement be denied. (Docs. 29, 29-1).  Defendant moved to strike or disregard the Government's supplemental brief.  (Doc. 30).  With briefing complete, the undersigned turns to the merit of Defendant's motions.

**Discussion**

**I.**   **Defendant's Motion To Strike Or Disregard Government's Supplemental Brief (Doc. 30)**

Defendant requests that the Government's supplemental brief (Doc. 29) and attached copy of Judge Anand's Report and Recommendation in the *Hill* case (Doc. 29-1) "be stricken or, at minimum, entirely disregarded in any consideration of Mr. Purdy's Motion To Dismiss."  (Doc. 30 at 2).  Defendant "respectfully shows that he is not a party to the *Hill* case, and any report and recommendation in the *Hill* case is not binding on Mr. Purdy and is not the law of the case." (*Id.*).  He also points out that "unlike an actual opinion by a district court judge, a magistrate judge's report and recommendation constitutes '*proposed* findings of fact and recommendations *for the disposition, by a judge of the court*,' " and "[t]he district judge is not bound by the decision of the magistrate judge."  (*Id.* (quoting 28 U.S.C. § 636(b)(1)(B)).   Without elaboration or citation to legal support, Defendant contends that the report and recommendation "is to a great degree irrelevant and prejudicial when considered in this proceeding," and "[t]he facts of

2

Mr. Purdy's case and his Motion to Dismiss should be judged on their own merits, and not in comparison with recommendations or rulings in a separate proceeding, consistent with his due process rights." (*Id.* at 2-3).

The undersigned agrees that a magistrate judge's report and recommendation does not constitute binding authority and has no precedential value. Thus, the Court is not required to follow Judge Anand's recommendations in *Hill* or reach the same conclusions. Defendant has presented no authority, however, to support his assertions that this Court is barred from considering the persuasiveness of Judge Anand's analysis or the authority discussed in his Report and Recommendation in a case involving a motion to dismiss that is virtually identical to the motion in case, also involving alleged bid rigging and bank fraud related to public auctions of foreclosed real estate. (*Compare* Doc. 29 in 1:16-CR-51-TWT-JSA *with* Doc. 24 in 2:16-CR-5-RWS-JCF). Nevertheless, the undersigned has independently considered the facts of this case, the parties' arguments, and the relevant case authority in reaching the same conclusion that Judge Anand reached, i.e., that Defendant has failed to failed to show that he is entitled to discovery or a hearing on his motion to dismiss for selective prosecution and enforcement, and that his motion to dismiss should be denied. Accordingly, Defendant's motion to strike or to disregard the Government's supplemental brief and attached authority (Doc. 30) is **DENIED**.

3

## II.    Motion To Dismiss (Doc. 28)

Defendant moves to dismiss the Indictment "on the ground that the prosecution of Defendant constitutes selective prosecution and selective enforcement of the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, and the bank fraud statute, 18 U.S.C. § 1344, in violation of his due process and equal protection rights under the Constitution of the United States." (Doc. 24 at 1). Defendant also requests "that he be granted a measure of discovery on his selective prosecution and enforcement claims" and "that he be granted an evidentiary hearing on his claims." (*Id.* at 1-2).

### A.    Motion To Dismiss

"It is axiomatic that with limited law enforcement resources, the Government is unable to prosecute every crime that is committed." *United States v. Brantley*, 803 F.3d 1265, 1271 (11th Cir. 2015). "Decisions regarding which crimes will be prosecuted are entrusted by the United States Constitution to the Executive Branch, which is charged with seeing that our nation's laws are enforced." *Id.* (citing U.S. Const. Art. II, § 3). " 'The judiciary cannot interfere with a prosecutor's exercise of charging discretion, except in narrow circumstances where it is necessary to do so in order to discharge the judicial function of interpreting and applying the Constitution.' " *Id.* (quoting *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000)). "[U]nder the Due Process Clause of the Fifth

Amendment, 'the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification.' " *United States v. Jordan*, 635 F.3d 1181, 1188 (11th Cir. 2011) (quoting *Smith*, 231 F.3d at 807). To establish that he is "being selectively prosecuted in an unconstitutional manner," a defendant "bear[s] a 'demanding' burden." *Id.* (citing *Smith*, 231 F.3d at 807). " 'In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary.' " *Id.* (quoting *Smith*, 231 F.3d at 807). "A defendant asserting that []he was selectively prosecuted must show 'that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose.' " *Brantley*, 803 F.3d at 1271(quoting *Jordan*, 635 F.3d at 1188). "In other words, a criminal defendant who claims []he was subjected to selective prosecution must establish two elements: (1) the discriminatory effect prong of this test requires a showing that 'similarly situated individuals were not prosecuted' . . ., and (2) 'the discriminatory purpose prong requires that the decisionmaker selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.' " *Id.* (quoting *Jordan*, 635 F.3d at 1188).

### 1.    <u>Discriminatory Effect</u>

The Eleventh Circuit has described the "similarly situated" component of the discriminatory effect prong as follows:

> [A] 'similarly situated' person for selective prosecution purposes [is] one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant – so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan – and against whom the evidence was as strong or stronger than that against the defendant.

*Brantley*, 803 F.3d at 1271-72 (quoting *Smith*, 231 F.3d at 810).  In *Brantley*, the court explained that in the context of Title VII employment discrimination cases, "the comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer," and those "same considerations apply in a challenge based upon selective prosecution because, in all but an exceedingly narrow number of cases, a court is not free to second-guess the prosecutor's exercise of charging discretion."  *Id.* at 1272.

Defendant asserts that he and his counsel "believe that it can be established that the Government has not prosecuted other, similarly situated persons engaged in 'bid rigging' and bank fraud in the Northern District of Georgia, who engaged in bid rigging relating to a larger volume of properties than Mr. Purdy is alleged to have [engaged in]."  (Doc. 24 at 3).  Defendant identifies " 'B.L.,' a large volume purchaser of properties at public foreclosure auctions in Forsyth County, and

'V.W.,' a large volume purchaser of properties at public foreclosure auctions in the metro Atlanta area,' " as "similarly situated persons who have not been prosecuted by the Government." (*Id.*). Defendant asserts that "[u]pon information and belief, the Government possesses ample evidence to pursue criminal prosecution of B.L., V.W., and others for the same or similar conduct which it has alleged against Mr. Purdy," but the Government has "afforded persons including B.L. and V.W. 'leniency,' despite the fact that these persons do not qualify for leniency under the [Antitrust] Division's policies and guidelines." (*Id.* at 3-4). Defendant cites to the Division's "requirements for individual leniency," and asserts that "[u]pon information and belief, the relevant, alleged major bid riggers such as B.L. and V.W. do not meet these criteria of the Division." (*Id.* at 8). Defendant also cites the Division's policy "to proceed by criminal investigation and prosecution in cases involving horizontal, per se unlawful agreements such as price fixing, bid rigging, and customer and territorial allocations." (*Id.* at 6 (quoting Antitrust Division Manual, p. III-12 (5th ed. April 2015))). Defendant argues that "no reason whatsoever exists for exemption of such persons [i.e., B.L. and V.W.] from the Antitrust Division's enforcement and prosecution policy relating to bid rigging." (*Id.*). To the contrary, Defendant reasons, "the deterrent value of any prosecution of these persons would be precisely the same as any prosecution of Mr. Purdy." (*Id.* at 6-7).

The Government counters that it has "prosecuted a significant number of individuals besides Defendant for participating in the same or similar conduct in Metro Atlanta," as shown in an exhibit attached to its response (Doc. 27-1), and "a total of approximately 125 other individuals" throughout the United States. (Doc. 27 at 3 and n.2). The Government does not appear to dispute that it has not prosecuted "B.L." and "V.W.," but asserts that Defendant has not shown that B.L. and V.W. are similarly situated to Defendant for purposes of his selective prosecution claim because "[a]s a matter of law . . . cooperators are not similarly situated to non-cooperators," thus implying that B.L. and V.W. have cooperated or are cooperating with the Government. (Doc. 27 at 7). The Government cites *United States v. Silien*, 825 F.2d 320 (11th Cir. 1987), in support of its contentions. (*Id.*). In *Silien*, the court rejected the defendant's contention that the government selectively prosecuted him because of his race because the defendant failed to show that the persons not prosecuted were similarly situated where they cooperated with the authorities, testified against the defendant and trial, and were less culpable than the defendant. *Id.* at 322. The court explained, "a defendant fails to satisfy the 'similarly situated' prong of the selective prosecution defense when those not prosecuted cooperated with the government, or were lower in the organizational structure of the conspiracy than those prosecuted, and when the defendant offers nothing but bare general allegations that the selectivity was motivated by racial

considerations."  *Id.* at (citing *United States v. Jennings*, 724 F.2d 436, 445-46 (5th Cir. 1984)).

Defendant contends that the Government's reliance on *Silien* is misplaced because "B.L." and "V.W." "engaged in purchases of greater volumes of properties at public foreclosure auctions than those alleged against Mr. Purdy," and he asserts that he has "made more than 'bare general allegations' that specific persons similarly situated to him have not been prosecuted for the offenses for which Mr. Purdy is being prosecuted."  (Doc. 28 at 3). In support of the latter contention, Defendant asserts that "the defense possesses evidence that, upon information and belief, the United States Department of Justice's Antitrust Division . . . generated a 'list' of individuals involved in bid-rigging in public foreclosure auctions and priority of prosecutions of the individuals."  (Doc. 28 at 3).

The undersigned finds that Defendant has not shown by "clear evidence," *Armstrong*, 517 U.S. at 465, that he is similarly situated to persons who have not been prosecuted for alleged bid rigging related to public auctions of foreclosed properties.  Defendant offers nothing but "bare allegations" about B.L. and V.W., their degree of culpability in alleged bid rigging, and their alleged failure to meet the Division's criteria for leniency.   Moreover, he has not countered the Government's assertion that they are not similarly situated because they are cooperating witnesses.  *See, e.g.*, *United States v. Ford*, 3:14-cv-00045-HZ, 2016

U.S. Dist. LEXIS 111243, at *16 (D. Ore. Aug. 22, 2016) ("Clearly, a cooperating witness is not similarly situated to Ford" for purposes of his selective prosecution claim.); *United States v. Salahuddin*, No. 10-104 (FLW), 2012 U.S. Dist. LEXIS 100296, at *89 (D. N.J. July 19, 2012) (finding that alleged comparators were not similarly situated for purposes of selective prosecution claim because they were "working with law enforcement," while the defendant was not); *United States v. Peterson*, No. 10-40031-01-KES, 2010 U.S. Dist. LEXIS 89168, at *5-6 (S.D. Aug. 27, 2010) ("Defendants who fail to cooperate with the government are not similarly situated with defendants who do cooperate with the government.") (collecting cases).  But even if the Court assumes for the sake of discussion that Defendant has met the "discriminatory effect" prong, his selective prosecution claim fails because he has not shown discriminatory purpose.

## 2.   Discriminatory Purpose

"The discriminatory purpose prong requires that 'the decisionmaker selected or reaffirmed a particular course of action at least in part "because of," not merely "in spite of," its adverse effects upon an identifiable group.' " *Jordan*, 635 F.3d at 1188 (quoting *Wayte v. United States*, 470 U.S. 598, 610 (1985)).  Here, Defendant has made no showing that the Government chose to prosecute him (and refrain from prosecuting others) based on Defendant's membership in an "identifiable group," such as a classification based on race, national origin, age, religion, or

other arbitrary classification.  The only group he has identified is the group of persons the Government has chosen to prosecute. That is insufficient to meet his demanding burden.  *See, e.g.*, *United States v. Rodriguez-Colon*, No. 15-647 (JAG), 2016 U.S. Dist. LEXIS 71893, at *8 (D. P.R. May 31, 2016) (denying defendants' motion to dismiss for selective prosecution because they "simply state that none of Defendants' superiors were prosecuted" but failed to show that the superiors "engaged in the same conduct as Defendants, nor d[id] they provide any evidence to show that the Government had a discriminatory purpose"); *United States v. Mathur*, No. , 2012 U.S. Dist. LEXIS 107187, at *24-25 (D. Nev. June 8, 2012) (finding that "there is not a scintilla of evidence before the court that the decision to prosecute Mathur was based on his race, religion, or other arbitrary classification in violation of [his] Fifth Amendment due process rights," and noting that "[h]is motion did not even identify the suspect classification on which the allegedly discriminatory conduct was based")[1], *adopted by* 2012 U.S. Dist. LEXIS 107302 (D. Nev. Aug. 1, 2012); *United States v. Meltsin*, No. 11 CR 597-02 (CM), 2012 U.S. Dist. LEXIS 56621, at *7-8 (S.D. N.Y. Apr. 19, 2012) ("even assuming that the defendant could show that his prosecution somehow reflected a policy of

---

[1] The defendant in *Mathur* asserted for the first time in his reply brief that "he was being selectively prosecuted because of his South Asian/Indian descent and his Hindu religion."  2012 U.S. Dist. LEXIS 107187, at *26.  Defendant makes no such assertions in this case, i.e., that the Government is selectively prosecuting him because of his race, national origin, or religion.

targeting individuals for certain prosecutions over corporations . . ., in the absence of any proof of a constitutionally impermissible motive underlying the alleged policy, his equal protection claim fails").

Rather than point to evidence showing discriminatory purpose, Defendant repeatedly rests on his assertions that some people have not been prosecuted for bid rigging to support his selective prosecution claim.  Defendant points to the Antitrust Division's policy to prosecute bid rigging and contends that it "has failed to prosecute persons for which it possesses evidence that such persons engaged in alleged bid rigging and bank fraud in relation to properties sold at public foreclosure auctions on a much larger scale than Mr. Purdy, while vigorously prosecuting minor alleged actors such as Mr. Purdy."  (Doc. 24 at 6-7).  Thus, Defendant argues, "[t]he Division's discriminatory purpose in its prosecutorial decision-making is arbitrary and unconstitutional."  (*Id.*).  But the fact that the Government has exercised its prosecutorial discretion not to prosecute certain individuals for bid rigging does not, by itself, show that it has acted with a discriminatory purpose.  In response to the Government's contention that Defendant "does not even allege that its prosecution of him is motivated by a discriminatory purpose" (*see* Doc. 27 at 8), Defendant asserts, "[o]n the contrary, Mr. Purdy has alleged that the Division's deliberate failure to prosecute others engaged in bid-rigging in an equal or greater degree than that alleged against Mr.

Purdy, possesses a discriminatory effect." (Doc. 28 at 4).  But even if Defendant has demonstrated discriminatory *effect* by showing that the Government has not prosecuted similarly situated persons, he has not shown, or even identified, a discriminatory *purpose*.  He has not even asserted, much less presented evidence to show, that he is a member of an "identifiable group" against which the Government is discriminating through this prosecution.

Because Defendant has not presented clear evidence of both elements for establishing a claim of selective prosecution, i.e., discriminatory effect and discriminatory purpose, it is **RECOMMENDED** that Defendant's motion to dismiss for selective prosecution be **DENIED**.

### B.    Request For Discovery And Hearing

Defendant "submits that he has alleged sufficient evidence on the elements of selective prosecution and enforcement by the Division against alleged persons engaged in alleged bid rigging on properties at public foreclosure auctions in the Northern District of Georgia for the Court to order discovery on the issue of selective prosecution and enforcement." (Doc. 24 at 9-10).  Defendant specifically requests that the Government be directed to provide several categories of information concerning the Division's investigation and prosecution of bid rigging and bank fraud in connection with public real estate foreclosure auctions in the Northern District of Georgia for four years preceding the filing of his motion.  (*Id.*

at 10-11).    Defendant "further requests that, after he has been afforded an

opportunity for any discovery, the Court set an evidentiary hearing on his selective

prosecution and enforcement claims."  (*Id.* at 11).

"[I]n order to obtain an evidentiary hearing on a selective prosecution claim,

'the defendant must present facts sufficient to create a reasonable doubt about the

constitutionality of a prosecution.' "  *Jordan*, 635 F.3d at 1188 (quoting *Silien*, 825

F.2d at 322).   "Similarly, in order to obtain discovery of such a claim, a defendant

must provide 'some evidence tending to show the existence of the essential

elements of the defense.' "  *Id.* (quoting *United States v. Armstrong*, 517 U.S. 456,

468 (1996)).    In *Armstrong*, the Court explained that "[t]he justifications for a

rigorous standard for the elements of a selective-prosecution claim . . . require a

correspondingly rigorous standard for a discovery in aid of such a claim because:

> [i]f discovery is ordered, the Government must assemble from its own
> files documents which might corroborate or refute the defendant's
> claim.   Discovery thus imposes many of the costs present when the
> Government must respond to a prima facie case of selective
> prosecution.   It will divert prosecutors' resources and may disclose the
> Government's prosecutorial strategy.

*Armstrong*, 517 U.S. at 468.

The undersigned finds that Defendant has not met the rigorous standard for

discovery because he has not presented "some evidence tending to show the

existence of" both elements of his claim, i.e., discriminatory effect *and*

discriminatory purpose, as discussed above.   Even if his unsupported assertions

14

about "B.L." and "V.W." were sufficient to show the existence of discriminatory effect, Defendant has offered no evidence to show discriminatory purpose, i.e., that the Government's decision to prosecute him is "at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.' " *Jordan*, 635 F.3d at 1188 (internal quotations omitted).  Nor has Defendant presented any "facts sufficient to create a reasonable doubt about the constitutionality of [this] prosecution." *Jordan*, 635 F.3d at 1188 (quotations omitted).

Accordingly, it is **RECOMMENDED** that Defendant's request for discovery and a hearing on his selective prosecution and enforcement claim be **DENIED**.  *See, e.g.*, *Jordan*, 635 F.3d at 1189 (finding that the defendant "was not entitled to an evidentiary hearing or discovery on [his selective prosecution] claim" where the defendant "did not show that a single arrestee who was not prosecuted under the ACCA qualified for such prosecution, must less possessed a criminal history as substantial as his own"); *United States v. Williams*, No. 6:13-cr-00026-CEH-TBS-1, 2014 U.S. Dist. LEXIS 54974, at *12-14 (M.D. Fla. Apr. 21, 2014) (denying the defendant's motion for discovery and hearing on selective prosecution claim because "Williams has failed to provide *any* evidence that the Government was motivated by Williams' wealth or socioeconomic status, or by the 'profit' it would derive from the sale of Williams' home," or the defendant's age even though he was the oldest of all of the arrestees); *United States v. Gray*, No.

15

2:09-cr-13-FtM-29SPC, 2009 U.S. Dist. LEXIS 50627, at *2 (M.D. Fla. June 17, 2009) (denying motion to dismiss and for discovery on his selective prosecution claim because "[n]othing alleged in defendant's motion comes close to satisfying any component of the demanding standard for either discovery or dismissal based upon alleged selective prosecution").

### Summary

Defendant's Motion To Strike Or To Disregard Government's Supplemental Brief (Doc. 30) is **DENIED**.  It is **RECOMMENDED** that Motion To Dismiss The Indictment Based Upon Selective Prosecution And Enforcement (Doc. 24) be **DENIED**.

**IT IS ORDERED** that, subject to a ruling by the District Judge on any objections to orders or recommendations of the undersigned Magistrate Judge, this case is **certified ready for trial.**

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 25th day of October, 2016.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge