**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| DOUGLAS L. PURDY, | : | 2:16-CR-00005-RWS |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

This case comes before the Court on the Government's Motion to Quash

Subpoenas of Victor Warren and Robin Warren for Document Production [46].

After reviewing the record, and having heard oral argument from the parties on

May 10, 2017, the Court enters the following Order.

On April 5, 2017, counsel for Defendant Douglas Purdy issued

subpoenas to third parties Victor Warren and Robin Warren that directed them

to produce the following:

> Communications between you or your attorneys, representatives,
> or agents, and any attorneys or employees of the United States
> Department of Justice and any Divisions therof, at any time from
> January 1, 2007, to present.  For the purposes of this request, the
> term 'communications' means the transfer of information, by any

means, whether written, printed, electronic, or oral.

(Dkt. [46-1] at 1, 5.)  The basis for those subpoenas was Federal Rule of

Criminal Procedure ("Rule") 17.  The Government now moves to quash

Defendant's subpoenas, arguing that they do not meet the standards of Rule

17(c) because they are overbroad and represent an impermissible "fishing

expedition" intended to uncover additional discovery.

The Court need not reach those arguments, however, because the

Government does not have standing to challenge Defendant's subpoenas in the

first place.  While the Eleventh Circuit has not weighed in on the Government's

ability to challenge subpoenas issued to third parties in the criminal context,

other courts have.  The most commonly applied standard was developed in the

Seventh Circuit, which held that "[a] party has standing to move to quash a

subpoena addressed to another if the subpoena infringes upon the movant's

legitimate interests." United States v. Raineri, 670 F.2d 702, 712 (7th Cir.

1982).  The Government lacks such interests here.

Some courts have held that the Government has "legitimate interests" in

quashing a subpoena when the Government plans to call the recipient as a

witness at trial. See, e.g., United States v. Steinger, No. 1:12-cr-20123-RNS,

2

Dkt. No. 228 at 3 (S.D. Fla. July 3, 2013) (finding Government standing where "the subject subpoena was issued in violation of the rule and require[d] [the Government's] witnesses to produce documents prematurely"). But in this case, the Government has represented that the recipients of the subpoenas—the Warrens—will not be witnesses. So the Government cannot cite the potential harassment of a witness as grounds for quashing Defendant's subpoenas. And, to the extent the Government could argue that it has "legitimate interests" in preventing the harassment of non-witnesses alike, that argument is undone by the representation of the Warrens by counsel. If the Warrens object to Defendant's subpoenas, then their own counsel may file a motion to quash on their behalf.

Just as importantly, as the Supreme Court has explained, "[a] subpoena for documents may be quashed if their production would be 'unreasonable or oppressive' but not otherwise." United States v. Nixon, 418 U.S. 683, 698 (1974). Here, there are no grounds for finding that compliance with the subpoenas would be unreasonable or oppressive *for the Government*. See United States v. Tomison, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (noting, in the context of subpoenas by the defendant on third parties, "[t]here is no

AO 72A
(Rev.8/82)

suggestion, nor could there be, that as to the government the subpoena is unreasonable or oppressive."). During the hearing, the Government expressed concern that it may be prejudiced by the breadth of Defendant's subpoenas. But even assuming that the language on the face of the subpoenas is indeed overbroad, the Government is protected in two ways. First, Defendant's counsel represented that he has had conversation with the Warrens' counsel where he has orally limited the scope of the subpoenas. Second, while Defendant may acquire various documents through his subpoenas, there is no guarantee that those documents will be admissible. During the trial, the Government will have the opportunity to raise any objections it wishes. As a result, the Government's concerns about overbreadth are not enough to create "legitimate interests" in quashing Defendant's subpoenas.

## Conclusion

For the reasons above, the Government's Motion to Quash Subpoenas of Victor Warren and Robin Warren for Document Production [46] is **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED** this 11th day of May, 2017.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)