IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| UNITED STATES OF AMERICA | § | CRIMINAL CASE NO. |
|---|---|---|
| | § | |
| v. | § | 2:16-cr-00005-RWS |
| | § | |
| DOUGLAS L. PURDY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF OBJECTIONS
TO INSTRUCTIONS TO JURY**

COMES NOW, DOUGLAS L. PURDY, Defendant herein, by and through the undersigned counsel, and respectfully submits this, his Notice of Objections to Instructions to Jury, and hereby supplements the record to his previous objections to the instructions given to the jury by briefly setting forth in writing his objections:

"The district court… has wide latitude in determining the exact formulation of the jury instruction." *United States v. Gaines*, 690 F.2d 849, 856 (11th Cir. 1982) (citing *United States v. Enstam*, 622 F.2d 857, 870 (5th Cir. 1980); *United States v. L'Hoste*, 609 F.2d 796, 805 (5th Cir. 1980)). "In reviewing the adequacy of a jury instruction… [it must be determined] whether, taken as a whole, the issues and the law presented to the jury were adequate." *Davis v. McAllister*, 631 F.2d 1256, 1260

(5th Cir. 1980) (citing *United States v. Abravaya*, 616 F.2d 250 (5th Cir. 1980); *United States v. Brooks*, 611 F.2d 614 (5th Cir. 1980)). And failure to give a requested instruction is reversible only where the instruction "'(1) was correct, (2) was not substantially covered by a charge actually given, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.'" *United United States v. Eckhardt*, 466 F.3d 938, 947-48 (11th Cir. 2006) (quoting *States v. Eckhardt*, 466 F.3d 938, 947-48 (11th Cir. 2006)).

1. The jury was instructed on Mr. Purdy's theory of the defense as follows:

> Mr. Purdy has denied that he is guilty of the charges in the Indictment. It is his defense that he never knowingly entered into or engaged in any combination or conspiracy to suppress or restrain competition by rigging bids for properties, and he denies knowingly executing or attempting to execute any scheme or artifice to defraud or obtain property of any financial institutions. Mr. Purdy's position is that he never entered into an agreement, formally or informally, to suppress or restrain competition to defraud banks. Mr. Purdy asserts that his sole aim was to have North Star Capital purchase at foreclosure auctions properties which he had researched and had determined were a good investment, and to renovate and resell those properties at a reasonable yet substantial profit. While some checks were written to North Star Capital from other bidders relating to certain properties, Mr. Purdy asserts that those were merely properties that he had determined were not ideal investments for North Star Capital.

Mr. Purdy respectfully objects to the failure to give his full, proposed theory of the defense instruction. *See* Doc. 79-1, pp. 52-55. Mr. Purdy submits that his proposed

-2-

instruction was correct and supported by the evidence, was not covered by the charges given, and dealt with important aspects of his defense such that the failure to give the complete instruction seriously impaired his ability to conduct his defense.

2.   The jury was charged that:

> You should not be concerned with, or speculate about, why certain persons are not on trial or about why any persons have not been charged.

Mr. Purdy respectfully objects to the charge on the grounds that it improperly directed or encouraged the jury not to consider evidence relevant to the credibility of the Government's case and to the determination of Mr. Purdy's guilt or innocence, and the giving of the charge rendered the instructions to the jury inadequate.

3.   The jury was instructed that:

> Therefore, if you find that the conspiracy to rig bids charged in the Indictment existed and that the Defendant was a member of the conspiracy, you need not be concerned with whether the agreement was reasonable or unreasonable, the justifications for the agreement, or the harm done by it. It is not a defense that the parties may have acted with good motives, or may have thought that what they were doing was legal, or that the conspiracy may have had no effect or even some good results on auction prices.

Mr. Purdy respectfully objects to the instruction on the grounds that it improperly directed or encouraged the jury to disregard evidence relevant to Mr. Purdy's intent and to his guilt or innocence, and submits that the giving of the instruction rendered the instructions to the jury inadequate.

4.  The jury was charged, regarding Mr. Purdy's alleged intent to participate in the alleged bid rigging conspiracy pursuant to the Sherman Act, 15 U.S.C. § 1, alleged by the Government, that they had to find:

> That the Defendant knowingly became a member of the conspiracy described in the Indictment.

Mr. Purdy had requested that the jury also be instructed that it had to find that he intended or knew that the purpose of the conspiracy was to suppress or restrain competition. *See* Doc. 79-1, p. 34. Mr. Purdy respectfully objects to the failure to give his proposed instruction. He submits that his proposed instruction was supported by the Government's allegations as to Mr. Purdy's alleged knowledge or intent in its Indictment, *see* Doc. # 1, ¶¶ 6-7; was not covered by the charges given; and dealt with important aspects of Mr. Purdy's defense such that the failure to give the complete instruction seriously impaired his ability to conduct his defense.

5.  Finally, the jury was instructed that:

> Moreover, the fact that the Defendant or his coconspirators had, prior to agreeing not to bid on any particular property, made an independent determination not to bid, is not a defense.  In addition, it is no defense that the Defendant or his coconspirators did not have the funds necessary to follow through on a bid if they had won.

Again, Mr. Purdy respectfully objects to the instruction on the grounds that it improperly directed or encouraged the jury to disregard evidence relevant to Mr.

Purdy's intent, his defense theory, and to his guilt or innocence, and submits that the giving of the instruction rendered the instructions to the jury inadequate.

Respectfully submitted, this 15th day of June, 2017.

                GILLEN, WITHERS & LAKE, LLC

                /s/Anthony C. Lake_____
                Anthony C. Lake
                Georgia Bar No. 431149
                Craig A. Gillen
                Georgia Bar No. 294838
                One Securities Centre, Suite 1050
                3490 Piedmont Road, N.E.
                Atlanta, Georgia 30305
                Telephone:   (404) 842-9700
                Facsimile:   (404) 842-9750
                E-mail:     aclake@gwllawfirm.com
                              cgillen@gwllawfirm.com

                THE LAW FIRM OF LAWANDA HODGES, LLC

                Lawanda Nowlin Hodges
                Georgia Bar No. 547413
                100 Peachtree Street, Suite 200
                Atlanta, Georgia 30309
                Phone:      (404) 474-0772
                Fax:        (404) 474-2774
                Email:      lhodges@lhodgeslaw.com

                Attorneys for Mr. Douglas L. Purdy

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 15th day of June, 2017, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**Matthew Stegman**
**Susan A. Musser**
**United States Department of Justice**
450 Fifth St., NW
Washington, DC 20530
Email: collin.delaney@usdoj.gov
Email: Susan.Musser@usdoj.gov
Email: matthew.stegman@usdoj.gov

GILLEN WITHERS & LAKE, LLC

/s/Anthony C. Lake_____
Anthony C. Lake
Georgia Bar No. 431149
Craig A. Gillen
Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:   aclake@gwllawfirm.com
         cgillen@gwllawfirm.com